1  Meiram Bendat (Cal. Bar No. 198884)
   PSYCH-APPEAL, INC.
2  8560 West Sunset Boulevard, Suite 500
   West Hollywood, CA 90069
3  Tel:  (310) 598-3690, ext. 101
   Fax:  (888) 975-1957
4  mbendat@psych-appeal.com

5  Daniel L. Berger (admitted *pro hac vice*)
   Kyle J. McGee (admitted *pro hac vice*)
6  Rebecca A. Musarra (Cal. Bar No. 291250)
   GRANT & EISENHOFER P.A.
7  485 Lexington Avenue
   New York, New York 10017
8  Tel:  (646) 722-8500
   Fax:  (415) 722-8501
9  berger@gelaw.com
   kmcgee@gelaw.com
10 rmusarra@gelaw.com

11 *Attorneys for Plaintiffs*
   *Des Roches, Meyer and Proposed Class*
12
   *Additional Counsel located on next page*
13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                   SAN JOSE DIVISION

17

18 CHARLES DES ROCHES, on his own        Case No. 16-cv-02848-LHK
   behalf and on behalf of his beneficiary
19 son, R.D., and all others similarly    Hon. Lucy H. Koh
   situated, and SYLVIA MEYER, on her
20 own behalf and all others similarly    ~~[PROPOSED]~~ PROTECTIVE
   situated,                             ORDER

21          Plaintiff,

22      vs.                              [Re: Dkt. 47]

23 CALIFORNIA PHYSICIANS'
   SERVICE d/b/a BLUE SHIELD OF
24 CALIFORNIA; HUMAN AFFAIRS            **MODIFIED BY THE COURT**
   INTERNATIONAL OF
25 CALIFORNIA; and MAGELLAN
   HEALTH SERVICES OF
26 CALIFORNIA, INC.—EMPLOYER
   SERVICES,
27
            Defendant.
28

─────────────────────────────────────
                 PROTECTIVE ORDER

1
2  Jason S. Cowart (admitted *pro hac vice*)
   ZUCKERMAN SPAEDER LLP
3  1185 Avenue of the Americas, 31st Floor
   New York, New York 10036
   Tel:   (212) 704-9600
4  Fax:   (212) 704-4256
   jcowart@zuckerman.com
5
   *Attorneys for Plaintiffs*
6  *Des Roches, Meyer and Proposed Class*

7  JENNIFER S. ROMANO (SBN 195953)
   jromano@crowell.com
8  SHANNON BARNARD (SBN 286125)
   sbarnard@crowell.com
9  CROWELL & MORING LLP
   515 South Flower Street, 40th Floor
10 Los Angeles, CA 90071
   Telephone:   (212) 622-4750
11 Facsimile:   (213) 622-2690

12 THOMAS F. KOEGEL (SBN 125852)
   tkoegel@crowell.com
13 CROWELL & MORING LLP
   275 Battery Street, 23rd Floor
14 San Francisco, CA 94111
   Telephone:   (415) 986-2800
15 Facsimile:   (415) 986-2827

16 APRIL N. ROSS (admitted *pro hac vice*)
   aross@crowell.com
17 1001 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004-2595
18 Telephone:   (202) 624-2500
   Facsimile:   (202) 628-5116
19
   *Attorneys for Defendants Human Affairs*
20 *International of California and Magellan*
   *Health Services of California, Inc.*
21
   *Additional Counsel located on next page*
22

23

24

25

26

27

28

1   MANATT, PHELPS & PHILLIPS, LLP
    GREGORY N. PIMSTONE (Bar No. 150203)
2   Email: gpimstone@manatt.com
    11355 West Olympic Boulevard
3   Los Angeles, CA 90064-1614
    Telephone: (310) 312-4000
4   Facsimile: (310) 312-4224

5   MANATT, PHELPS & PHILLIPS, LLP
    JOSEPH E. LASKA (Bar No. 221055)
6   Email: jlaska@manatt.com
    CARRI BECKER MAAS (Bar No. 245816)
7   Email: cmaas@manatt.com
    One Embarcadero Center, 30th Floor
8   San Francisco, CA 94111
    Telephone: (415) 291-7400
9   Facsimile: (415) 291-7474

10  *Attorneys for Defendant*

11  CALIFORNIA PHYSICIANS' SERVICE
    d/b/a BLUE SHIELD OF CALIFORNIA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    HIPAA AND PRIVACY PROTECTIONS

The parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain personal and health information subject to the protections of, inter alia, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 et seq., and 1798.82 et seq. (collectively "Privacy Laws"), which protect the confidentiality of individually identifiable personal and health information ("Protected Information"). The parties and all third-party signatories to this Protective Order agree to take all measures necessary to comply with the requirements of the Privacy Laws and any other applicable laws governing the

1

privacy of personal and health information. Such measures include, but are not limited to, the development, implementation, maintenance and use of appropriate administrative, technical and physical safeguards, in compliance with the Privacy Laws and applicable state and federal laws, to preserve the integrity, confidentiality, and availability of Protected Information. The parties and all third-party signatories to this Protective Order expressly agree that the citations to the Privacy Laws in this paragraph are for convenience only and that it remains the obligation of each party to the action and third-party signatory to understand and comply with the obligations imposed by the Privacy Laws and any other potentially applicable state and federal law.

The parties further acknowledge that information produced in discovery may contain personal and health information subject to the protections of 42 C.F.R. Part 2, because it may identify a patient as an alcohol or drug abuser either directly, by reference to other publicly available information, or through verification of such identification by another person ("Protected Substance Abuse Information").  42 C.F.R. Part 2 prohibits the use of Protected Substance Abuse Information as evidence in a non-criminal case without first providing notice to the patient and an opportunity to respond, unless, upon application by any person having a legally recognized interest in the disclosure, the Court issues an order authorizing the disclosure of the specified patient records.

The parties agree that Defendants will redact personally identifying information about the absent putative class members prior to producing Protected Substance Abuse Information to the extent practicable, including member names, addresses, dates of birth, social security numbers, and member or subscriber ID numbers.  Member or subscriber ID numbers will be (1) partially redacted, leaving unredacted at least that portion of the numbers that allows the parties to distinguish between members or subscribers, or (2) randomized in such a way that the member's masked ID number will be consistently masked such that the parties can

2

1  identify documents relating to a common member.  The parties recognize that the
2  name of the members' health plan; the date(s) and location of treatment; and date(s)
3  of benefit coverage determination(s) may be relevant to the parties' assessment of
4  this case, and therefore agree that such information will not be redacted prior to
5  production.  The parties believe that, as redacted, this discovery no longer
6  constitutes Protected Substance Abuse Information.  In the event that Protected
7  Substance Abuse Information is disclosed within the unredacted portions of the
8  discovery information, individual notice to the putative class members is deemed to
9  be impractical and inadvisable and good cause for the order exists.  Any disclosure
10  of the information subject to the criteria and procedures specified in 42 CFR § 2.64
11  shall be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
12  ONLY" with the associated protections and restrictions set forth in this Stipulated
13  Protective Order.

14  3.    <u>DEFINITIONS</u>

15      3.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the
16  designation of information or items under this Order.

17      3.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of
18  how it is generated, stored or maintained) or tangible things that qualify for
19  protection under Federal Rule of Civil Procedure 26(c). The term
20  CONFIDENTIAL shall also include:

21          a.    health information ("PHI") which is defined as any information,
22  whether oral or recorded in any form or medium, that:

23              (i)    is created by a health care provider, health plan, mental
24  health service administrator, public authority, employer, insurance provider,
25  school, university or health care clearinghouse; and

26              (ii)    relates to the past, present or future physical or mental
27  health or condition of an individual, the provision or receipt of health care to or by
28  an individual, or the past, present or future payment for the provision of health care

3

to an individual;

b.     policyholder-specific information, including private medical information;

c.     information that is proprietary or constitutes a trade secret, including, without limitation, materials, and other documents reflecting non-public business or financial strategies and confidential competitive information that, if disclosed, could result in prejudice or harm to the disclosing party;

d.     non-public financial projections, analyses, or studies; and

e.     non-public communications with regulators, Departments of Insurance, or other governmental bodies that are intended to be kept confidential or are protected from disclosure by statute or regulation.

3.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

3.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

3.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.8    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

3.11   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

1  presentations by Parties or their Counsel that might reveal Protected Material.

2  However, the protections conferred by this Stipulation and Order do not cover the

3  following information: (a) any information that is in the public domain at the time

4  of disclosure to a Receiving Party or becomes part of the public domain after its

5  disclosure to a Receiving Party as a result of publication not involving a violation

6  of this Order, including becoming part of the public record through trial or

7  otherwise; and (b) any information known to the Receiving Party prior to the

8  disclosure or obtained by the Receiving Party after the disclosure from a source

9  who obtained the information lawfully and under no obligation of confidentiality to

10  the Designating Party. Any use of Protected Material at trial shall be governed by a

11  separate agreement or order.

12  5.    DURATION

13        Even after final disposition of this litigation, the confidentiality obligations

14  imposed by this Order shall remain in effect until a Designating Party agrees

15  otherwise in writing or a court order otherwise directs. Final disposition shall be

16  deemed to be the later of (1) dismissal of all claims and defenses in this action,

17  with or without prejudice; and (2) final judgment herein after the completion and

18  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

19  including the time limits for filing any motions or applications for extension of

20  time pursuant to applicable law. **For a period of six months after final disposition of this litigation, this court will retain jurisdiction to enforce the terms of this order.**

21  6.    DESIGNATING PROTECTED MATERIAL

22        6.1    Exercise of Restraint and Care in Designating Material for Protection.

23  Each Party or Non-Party that designates information or items for protection under

24  this Order must take care to limit any such designation to specific material that

25  qualifies under the appropriate standards. The Designating Party must designate for

26  protection only those parts of material, documents, items, or oral or written

27  communications that qualify – so that other portions of the material, documents,

28  items, or communications for which protection is not warranted are not swept

6

1   unjustifiably within the ambit of this Order.

2       Mass, indiscriminate, or routinized designations are prohibited. Designations

3   that are shown to be clearly unjustified or that have been made for an improper

4   purpose (e.g., to unnecessarily encumber or retard the case development process or

5   to impose unnecessary expenses and burdens on other parties) expose the

6   Designating Party to sanctions.

7       If it comes to a Designating Party's attention that information or items that it

8   designated for protection do not qualify for protection, that Designating Party must

9   promptly notify all other Parties that it is withdrawing the mistaken designation.

10       6.2    Manner and Timing of Designations. Except as otherwise provided in

11   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

12   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

13   under this Order must be clearly so designated before the material is disclosed or

14   produced.

15       Designation in conformity with this Order requires:

16       (a) for information in documentary form (e.g., paper or electronic

17   documents, but excluding transcripts of depositions or other pretrial or trial

18   proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

19   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

20   contains protected material. If only a portion or portions of the material on a page

21   qualifies for protection, the Producing Party also must clearly identify the

22   protected portion(s) (e.g., by making appropriate markings in the margins). A Party

23   or Non-Party that makes original documents or materials available for inspection

24   need not designate them for protection until after the inspecting Party has indicated

25   which material it would like copied and produced. During the inspection and

26   before the designation, all of the material made available for inspection shall be

27   deemed "CONFIDENTIAL." After the inspecting Party has identified the

28   documents it wants copied and produced, the Producing Party must determine

which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, or by marking within fifteen (15) days after the receipt of a final transcript of such deposition the portions of the transcript to be designated as Confidential. During the deposition, if Confidential information or material is to be disclosed, prior to such disclosure any person not authorized to receive Confidential information shall be excluded from the deposition until testimony regarding those matters has been concluded. If any testimony in a deposition or any writing or information used during the course of a deposition is designated as Confidential, the portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order. The terms of this Order shall apply to videotaped depositions, and video cassettes or other video containers shall be labeled in accordance with the terms of this Order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

8

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes

9

1    that the Designating Party is unwilling to participate in the meet and confer process

2    in a timely manner.

3        7.3    Judicial Intervention. If the Parties cannot resolve a challenge without

     **they shall comply with the undersigned's Standing Order re Civil Discovery**

4    court intervention, ~~the Challenging Party may file and serve a motion to remove or~~

     **Disputes**

5    ~~alter the confidentiality designation under Civil Local Rule 7~~ (and ~~in compliance~~

6    with Civil Local Rule 79-5, if applicable) ~~within 14 days of the parties agreeing~~

     **In each Discovery**

7    ~~that the meet and confer process will not resolve their dispute.~~ ~~Each such motion~~

     **Dispute Joint Report (DDJR), the parties must attest that they have**

8    ~~must set forth good cause and be accompanied by a competent declaration~~

9    ~~affirming that the movant has~~ complied with the meet and confer requirements

10   imposed in the preceding paragraph.

11       The burden of persuasion in any such challenge proceeding shall be on the

12   Designating Party. Frivolous challenges, and those made for an improper purpose

13   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

14   expose the Challenging Party to sanctions. All parties shall continue to afford the

15   material in question the level of protection to which it is entitled under the

16   Producing Party's designation until the court rules on the challenge.

17   8.    ACCESS TO AND USE OF PROTECTED MATERIAL

18       8.1    Basic Principles. A Receiving Party may use Protected Material that is

19   disclosed or produced by another Party or by a Non-Party in connection with this

20   case only for prosecuting, defending, or attempting to settle this litigation. Such

21   Protected Material may be disclosed only to the categories of persons and under

22   the conditions described in this Order. When the litigation has been terminated, a

23   Receiving Party must comply with the provisions of section 14 below (FINAL

24   DISPOSITION).

25       Protected Material must be stored and maintained by a Receiving Party at a

26   location and in a secure manner that ensures that access is limited to the persons

27   authorized under this Order.

28       8.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as

11

well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

(f) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  However, current employees of Defendants can be shown any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during their depositions without having signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
       IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

13

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. **All Non-Party disclosure and discovery disputes are subject to the undersigned's Standing Order re Civil Discovery Disputes.**

11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

14

A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
       PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain
inadvertently produced material is subject to a claim of privilege or other
protection, the obligations of the Receiving Parties are those set forth in Federal
Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify
whatever procedure may be established in an e-discovery order that provides for
production without prior privilege review. Pursuant to Federal Rule of Evidence
502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
of a communication or information covered by the attorney-client privilege or
work product protection, the parties may incorporate their agreement in the
stipulated protective order submitted to the court.

13.    MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any
person to seek its modification by the court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this
Protective Order no Party waives any right it otherwise would have to object to
disclosing or producing any information or item on any ground not addressed in
this Stipulated Protective Order. Similarly, no Party waives any right to object on
any ground to use in evidence of any of the material covered by this Protective
Order.

13.3   Filing Protected Material. Without written permission from the
Designating Party or a court order secured after appropriate notice to all interested
persons, a Party may not file in the public record in this action any Protected
Material. A Party that seeks to file under seal any Protected Material must comply
with Civil Local Rule 79-5. Protected Material may only be filed under seal
pursuant to a court order authorizing the sealing of the specific Protected Material

15

at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

15.   <u>PRIVILEGE LOGS</u>

Any content or material redacted or withheld from production on grounds of

16

any privilege and/or immunity, including without limitation the attorney work-product doctrine and the attorney-client privilege, shall be recorded in accordance with Fed. R. Civ. P. 26(b)(5).  Privilege logs will be produced as Excel spreadsheets in searchable PDF format.  Documents or other materials withheld in whole or in part from production that a Party believes to be covered by a privilege or immunity shall be logged on a document-by-document basis, except as identified below.  The following information must be provided (as applicable) in the privilege log for each document or portion thereof withheld: (1) document identification number; (2) document type; (3) attachments; (4) date; (5) author; (6) recipients; (7) copyees; (8) privilege, immunity, or other protection claimed; (9) description of the document including information sufficient to establish the elements of each asserted privilege, immunity, or ground for protection.

For those documents that contain a series of e-mails in a single document ("email string"), it shall be sufficient to log the string without separate logging of each included e-mail, but reference to the document as an "email string" shall be made in the document description field of the log and all participants in the string shall be identified by type (e.g., from, to, cc, bcc).  Email strings that are not privileged in their entirety should be redacted with labels reflecting the nature of the privilege; the document logged; and the non-privileged portions produced.  All counsel or their employees (or direct reports for in-house counsel) shall be identified as such in the privilege log, such as in a chart or key.  Further, for each individual listed on the log, the Party shall identify the party or company for which (s)he works.

16.   PRODUCTION OF ELECTRONICALLY STORED INFORMATION

16.1   Preservation.  The parties have met and conferred about their preservation obligations and needs and agree that preservation of potentially relevant Electronically Stored Information ("ESI") will be reasonable and proportionate.  The parties agree to meet and confer further about the types of ESI

17

they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved.  The parties will agree on the number of custodians per party for whom ESI will be preserved.

16.2   Search.  The parties agree that in responding to a Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

16.3   Production Formats.  The parties agree that electronic information will be provided in single page Tag Image File Format ("TIFF") images.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.  The parties agree to meet and confer about the types of metadata that will be produced for all ESI, to the extent such metadata exists.  No party is required to create metadata for ESI that does not exist for that ESI.

16.4   Objections to ESI Production.  If any formatting requirements or other specifications agreed to in this Stipulated Protective Order are later determined by the producing party to be not feasible, or unduly burdensome or unreasonably costly, the parties will meet and confer in order to attempt to agree upon appropriate modifications before presenting any such issue to the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 6, 2016          GRANT & EISENHOFER P.A.


                                  By: */s/ Daniel L. Berger*
                                      Daniel L. Berger
                                      Attorneys for Plaintiffs
                                      DES ROCHES, MEYER, AND PROPOSED
                                      CLASS

Dated: September 6, 2016          CROWELL & MORING, LLP


                                  By: */s/ Jennifer S. Romano*
                                      Jennifer S. Romano
                                      Attorneys for Defendants
                                      HUMAN AFFAIRS INTERNATIONAL OF
                                      CALIFORNIA AND MAGELLAN
                                      HEALTH SERVICES OF CALIFORNIA,
                                      INC.

Dated: September 6, 2016          MANATT, PHELPS & PHILLIPS, LLP


                                  By: */s/ Joseph E. Laska*
                                      Joseph E. Laska
                                      Attorneys for Defendant
                                      CALIFORNIA PHYSICIANS' SERVICE
                                      dba BLUE SHIELD OF CALIFORNIA


                    **AS MODIFIED BY THE COURT,**

PURSUANT TO STIPULATION, IT IS SO ORDERED.
                                          ^


DATED: _____ September 7, 2016 _____



                                  _____
                                  Judge ~~Lucy H. Koh~~ Howard R. Lloyd
                                  United States ~~District~~ Judge
                                            Magistrate

19

PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Northern District of

California on [date] in the case of *Charles Des Roches, et al. v. California*

*Physicians' Service dba Blue Shield of California, et al.*, Case No. 5:16-cv-02848.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

20