UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES DES ROCHES, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>CALIFORNIA PHYSICIANS' SERVICE, et al.,<br><br>   Defendants. | Case No. 16-CV-02848-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 85, 101, 104 |

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety & Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, *Kamakana*, 447 F.3d at 1178–79. Compelling reasons justifying the

1

sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.") (internal quotation marks omitted). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the

2

production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

Further, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

Since the Ninth Circuit's decision in *Center for Auto Safety v. Chrysler Group*, 809 F.3d 1092, 1099 (9th Cir. 2016), most district courts to consider the question have found that a motion for class certification is "more than tangentially related to the underlying cause of action" and therefore merits application of the "compelling reasons" standard. *See Philips v. Ford*, 2016 WL 7374214 (N.D. Cal. Dec. 20, 2016) (collecting cases); *see also Cohen v. Trump*, 2016 WL 3036302 (S.D. Cal. May 27, 2016) (discussing other cases applying compelling reason standard to class certification motion after *Center for Auto Safety* and applying compelling reason standard). In the instant case, the issues on class certification "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The Court finds that the instant motion for class certification is "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, and thus the "compelling reasons" standard applies.

On April 1, 2017, Plaintiffs filed an administrative motion to file under seal Plaintiff's

3
Case No. 16-CV-02848-LHK
ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTIONS TO SEAL

motion for class certification and supporting exhibits. ECF No. 85. On May 1, 2017, Defendant filed an administrative motion to file under seal Defendant's opposition to Plaintiff's motion for class certification and supporting exhibits. ECF No. 101. On May 15, 2017, Plaintiff filed an administrative motion to file under seal Plaintiff's reply in support of Plaintiff's motion for class certification and supporting exhibits. ECF No. 104.

The Court finds the parties' motions overbroad, as large portions of the parties' motions are redacted and seek to redact non-confidential information. For example, in Plaintiffs' motion for summary judgment, the entire section entitled "Defendants Followed a Uniform Process in Making Clinical Decisions about Class Members' Coverage" is redacted. *See* ECF No. 85-1, at 9–11. This section does not contain any private health, medical, or identification information, and the parties have made no effort to explain why this section is confidential.

Moreover, the parties have asked the Court to seal information that the parties have designated "Confidential" under their stipulated protective order without any further analysis regarding why these documents contain sealable information. *See, e.g.*, ECF No. 85-1, at 9–11. Under the Court's Civil Local Rules, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). Additionally, the parties have applied only the "good cause" standard to its requests to seal, rather than the "compelling reasons" standard that the Court finds appropriate for the instant motion. ECF No. 85, at 2; ECF No. 101, at 4; ECF No. 104, at 2.

Accordingly, the parties' administrative motions to file under seal are DENIED WITHOUT PREJUDICE. The parties shall file any renewed motions to seal within seven days of this Order.

To facilitate compliance with the sealing rules and standards discussed above, the Court hereby establishes the following procedures for filing administrative motions to file under seal in this case:

The parties shall file all administrative motions to file under seal as joint motions. Prior to

filing any such joint motions, lead counsel for both parties must meet and confer to decide what information the parties will request to file under seal. The parties must file declarations from lead counsel that confirm compliance with this order with each motion to file under seal.

**IT IS SO ORDERED.**

Dated: June 1, 2017

_____
LUCY H. KOH
United States District Judge