UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES DES ROCHES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA PHYSICIANS' SERVICE, et al., <br><br> Defendants. | Case No. 16-CV-02848-LHK <br><br> **ORDER GRANTING SUPPLMENTAL MOTION TO SEAL** <br><br> Re: Dkt. No. 128 |

Before the Court is Defendants' "Supplemental Joint Administrative Motion to File Under Seal Documents Relating to Plaintiffs' Motion for Class Certification." ECF No. 128.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

1

Case No. 16-CV-02848-LHK
ORDER GRANTING SUPPLEMENTAL MOTION TO SEAL

supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over

2

competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

Since the Ninth Circuit's decision in *Center for Auto Safety v. Chrysler Group*, 809 F.3d 1092, 1099 (9th Cir. 2016), most district courts to consider the question have found that a motion for class certification is "more than tangentially related to the underlying cause of action" and therefore merits application of the "compelling reasons" standard. *See Philips v. Ford*, 2016 WL 7374214 (N.D. Cal. Dec. 20, 2016) (collecting cases); *see also Cohen v. Trump*, 2016 WL 3036302 (S.D. Cal. May 27, 2016) (discussing other cases applying compelling reason standard to class certification motion after *Center for Auto Safety* and applying compelling reason standard). Indeed, in addressing earlier motions to seal in the instant case, the Court previously found that the compelling reasons standard applies to the instant motion for class certification. ECF Nos. 120, 124. The Court accordingly applies the "compelling reasons" standard to Defendants' request. *Ctr. for Auto Safety*, 809 F.3d at 1099.

Case No. 16-CV-02848-LHK
ORDER GRANTING SUPPLEMENTAL MOTION TO SEAL

Along with the instant motion, Defendants have attached the following declarations:

(1) Declaration of Joseph E. Laska, *see* ECF No. 122-1

(2) Declaration of Jennifer S. Romano, *see* ECF No. 122-2

(3) Declaration of Kyle J. McGee, *see* ECF No. 122-3

In the motion, Defendants seek to seal Exhibit H to the Declaration of Daniel L. Berger in Support of Plaintiff's Motion for Class Certification. *See* ECF No. 128, at 1. Exhibit H is a 96-page contract between Blue Shield and HAI-CA. ECF No. 128-5. Defendants previously sought to seal this contract in its entirety. ECF No. 122. The Court denied this request because the "request to seal Exhibit H in its entirety is not narrowly tailored to preventing disclosure of trade secrets or other sealable material within Exhibit H." ECF No. 124, at 4.

In the instant motion, in contrast, Defendants seek to seal only particular provisions of the contract "containing competitively sensitive financial terms." ECF No. 128, at 3.[1] Specifically, Defendants seek to seal only details of the financial arrangements between Defendants, including particular capitation rates and other reimbursement amounts. Sealing is appropriate to prevent these terms from being used "as sources of business information that might harm [Defendants'] competitive standing . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Accordingly, the Court GRANTS the Defendants' "Supplemental Joint Administrative Motion to File Under Seal Documents Relating to Plaintiffs' Motion for Class Certification."

**IT IS SO ORDERED.**

Dated: August 24, 2017

_____
LUCY H. KOH
United States District Judge

---

[1] Although the instant motion is labeled as a joint motion to seal, in the motion Plaintiffs state that they "take no position as to the proposed redactions of the dollar amounts" in the contract and oppose the remaining redactions. ECF No. 128, at 3. However, the Court has reviewed the proposed redactions and has found that even those terms that are not particular dollar amounts are narrowly tailored to prevent the disclosure of competitively sensitive financial information, and thus compelling reasons exist to seal the requested information.