UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES DES ROCHES, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>CALIFORNIA PHYSICIANS' SERVICE, et al.,<br><br>            Defendants. | Case No. 16-CV-02848-LHK<br><br>**ORDER GRANTING PLAINTIFFS'<br>MOTION FOR ATTORNEYS' FEES<br>AND EXPENSES AND INCENTIVE<br>AWARDS**<br><br>Re: Dkt. No. 241 |

## I.  INTRODUCTION

On June 28, 2018, this matter came for hearing before this Court on Plaintiffs' Charles Des Roches, Sylvia Meyer, and Gayle Tamler Greco ("Plaintiffs") Motion for Approval of Attorneys' Fees and Expenses and Incentive Awards.  Class Counsel have moved for an award of attorneys' fees of $1,987,764.83, representing 28.4% of the gross settlement fund and only 27% of Class Counsel's lodestar.  In support of this motion, Plaintiffs filed the Declarations of Daniel L. Berger (ECF No. 242), Steven N. Herman (ECF No. 243), and Meiram Bendat (ECF No. 244) on May 15, 2018.  Following a hearing held on June 28, 2018, Plaintiffs filed the supplemental declarations of Mr. Berger (ECF No. 268), Mr. Hufford (ECF No. 270), and Mr. Bendat (ECF No.

Case No. 16-CV-02848-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE
AWARDS

269) on July 3, 2018.  After considering the moving papers, the pleadings, and the record in this case, IT IS ORDERED that Plaintiffs' Motion for Approval of Attorneys' Fees and Expenses and Incentive Awards is GRANTED for the reasons set forth herein.

## II. THIS COURT IS AUTHORIZED TO AWARD ATTORNEYS' FEES ON A PERCENTAGE BASIS

"Courts have discretion to award attorneys' fees to a prevailing plaintiff if: '(1) fee-shifting is expressly authorized by the governing statute; (2) the opponents acted in bad faith or willfully violated a court order; or (3) the successful litigants have created a common fund for recovery or extended a substantial benefit to a class.'" *Barrera v. Home Depot USA, Inc.*, No. 12-cv-05199-LHK, 2015 WL 2437897, at *1 (N.D. Cal. May 20, 2015) (Koh, J.) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)).  The U.S. Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  Courts in the Ninth Circuit may measure attorneys' fees awarded to class counsel as a percentage of the common fund. *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1050 (9th Cir. 2002).  Courts evaluate whether a percentage award is reasonable by conducting a cross-check against counsel's lodestar—i.e., the product of the number of hours worked and counsel's hourly rate.  *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015).

In assessing whether the fee requested is reasonable, courts consider factors including: "the extent to which class counsel achieved exceptional results for the class, whether the case was risky for class counsel, whether counsel's performance generated benefits beyond the cash settlement fund, the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *Id*. at 954-55 (internal quotation marks omitted) (citing *Vizcaino*, 290 F.3d at 1047-50).

2

United States District Court
Northern District of California

United States District Court
Northern District of California

1    While an award representing 25% of a common fund is the benchmark for attorneys' fees

2    in the Ninth Circuit, this percentage "should be adjusted . . . when special circumstances indicate

3    that the percentage recovery would be either too small or too large in light of the hours devoted to

4    the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d

5    1301, 1311 (9th Cir. 1990). When assessing whether to diverge from the 25% benchmark, courts

6    consider "the results obtained, risk undertaken by counsel, complexity of the issues, length of the

7    professional relationship, the market rate, and awards in similar cases." *Wakefield*, 2015 WL

8    3430240, at *5.

9    In this action, Class Counsel achieved significant results for the Class. In addition to the

10   non-monetary injunctive relief obtained, described below, the Settlement provides that Defendants

11   will make a total payment of $7 million for the benefit of the Class. Class Counsel have applied

12   for an award of attorneys' fees to be paid as a percentage of the *net* settlement fund, that is, after

13   deduction of all expenses, costs, and class representative incentive awards as approved by the

14   Court. The net settlement amount, after such deductions, is $5,963,294.48. There is no reversion

15   of any funds to the Defendants. All Class members who do not opt out will receive payment from

16   the Settlement Fund without having to submit a claim form. Class Counsel's request for

17   attorneys' fees represents 28.4% of the gross settlement fund. Upon consideration of the relevant

18   factors, the Court determines that, considered either as a percentage of the net or gross settlement

19   fund, this request is reasonable in light of the extensive work of counsel and the substantial result

20   achieved, as discussed below.

21   **III. CLASS COUNSEL'S FEE REQUEST IS REASONABLE**

22   Here, the Court approves as reasonable and fair Class Counsel's request for a fee totaling

23   $1,987,764.83. Counsel have secured exceptional monetary and non-monetary benefits for the

24   Class, including: (1) injunctive relief prohibiting Defendants from resuming use of the Challenged

25   Guidelines to make medical necessity determinations for members of Blue Shield health benefit

26   plans; (2) Defendants' agreement to issue a bulletin to all Defendants' personnel conducting

27

28   Case No. 16-CV-02848-LHK
     ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE
     AWARDS

medical necessity reviews for members of Blue Shield health benefit plans, or any other persons conducting medical necessity reviews on Defendants' behalf for Blue Shield health benefit plans, stating, *inter alia*, that the previous denial of Class members' coverage requests shall not be relied upon to support any future denial of coverage on the basis of lack of medical necessity; (3) monetary compensation for all Class members who received residential and/or intensive outpatient treatment services following a denial of coverage under the Challenged Guidelines, to be paid out of 75% of the net settlement amount (after deduction of attorneys' fees, expenses, and incentive awards), which amounts to approximately 70% of the value of claims that Class members could potentially have received if those claims were approved during reprocessing; and (4) monetary compensation for all Class members to be paid from 25% of the net settlement fund (after deduction of attorneys' fees, expenses, and incentive awards), which amounts to approximately $725 for each Class member.

This package of settlement benefits is extraordinary for several reasons:

- *First*, Plaintiffs did not assert a claim for damages; instead, Plaintiffs requested injunctive relief in the form of remand and reprocessing of denied coverage requests under different standards. Nevertheless, Plaintiffs obtained significant monetary relief for the Class as a whole.

- *Second*, the Settlement allows Class members to obtain definite and immediate monetary relief by effectively approving all denied coverage requests without a cumbersome, expensive, and time-consuming reprocessing process.

- *Third*, by removing the contingency of reprocessing, all Class members stand to enjoy the monetary benefits from the Settlement, eliminating the possibility that a subset of the Class's claims would be denied again during reprocessing.

- *Fourth*, the bulletin Defendants have agreed to issue to the appropriate personnel (and which, under the settlement agreement, is available to all Class members upon request) ensures that Class members will not be prejudiced by

4

the allegedly improper denials that formed the subject matter of this litigation. Had each Class member's claim been reprocessed, and approved during reprocessing, this fact would be reflected in each Class member's file. The bulletin has a similar corrective function.

- *Fifth*, Plaintiffs obtained Defendants' agreement not to use the Challenged Guidelines for Blue Shield health benefit plan members in the future despite this Court's rejection, in its class certification order (ECF No. 123), of Plaintiffs' request for prospective injunctive relief.

- *Sixth*, that Defendants may not resume use of the Challenged Guidelines for Blue Shield health benefit plan members ensures that the Settlement has a lasting impact on Defendants' claims adjudication processes, to the long-term benefit of all Class members.

Class Counsel were able to secure this extraordinary package of benefits for the Class only as a result of their investment of significant time and resources into this litigation. Class Counsel's fee request is reasonable and fair given the time and effort necessary to prosecute this case, including spending over 14,325 hours, or over $7,400,000 worth of attorney time, and advancing over $826,000 in litigation expenses over a two-year period. During that time, Class Counsel:

(1) researched and prepared two complaints containing detailed factual allegations regarding specialized mental health and substance use treatment protocols and practices;

(2) crafted and served detailed discovery requests consisting of 18 total sets of requests to the three separate defendants;

(3) reviewed over 550,000 pages of often highly technical documents, and analyzed copious data productions relating to tens of thousands of transactions, coverage requests, claims for payment, and clinical adjudication events;

5

United States District Court
Northern District of California

(4) spent dozens of hours in telephonic and in-person meetings with Defendants' counsel regarding contentious discovery issues;

(5) conducted depositions of 14 fact witnesses and Defendants' five experts witnesses at locations from California to Georgia;

(6) prepared for and defended depositions taken by defendants of each Plaintiff and three non-parties related to the Plaintiffs' clinical treatment services;

(7) prepared for and defended the depositions of Plaintiffs' five experts;

(8) briefed a heavily contested class certification motion and secured class certification;

(9) successfully opposed Defendants' Rule 23(f) petition to the Ninth Circuit;

(10) briefed the issues raised by Defendants on summary judgment;

(11) briefed *Daubert* challenges to two expert witnesses;

(12) briefed five discovery disputes;

(13) engaged in extensive mediation, including four day-long sessions; and

(14) began preparing the case for trial, which was scheduled to begin only five weeks after the settlement agreement was signed.

Each of the fact witness depositions Class Counsel took during this litigation demanded specialized knowledge in various areas, including best practices and industry standards in mental health, clinical psychiatry, and substance use disorder treatment, insurance claim adjudication procedures, insurance regulations, finance, and other areas. Each deposition required substantial research and preparation. Class Counsel deposed senior executives (including the CEO of Defendant Human Affairs International of California, Inc.) and a number of medical doctors employed by Defendants to design or implement the Challenged Guidelines and make medical necessity decisions on Class members' coverage requests. Every deposition required a significant degree of expertise on Class Counsel's part because nearly all of the fact witnesses possessed advanced degrees and certifications in psychiatry, psychology, marketing, and other disciplines.

Case No. 16-CV-02848-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS

United States District Court
Northern District of California

1    The fact witness depositions taken by Class Counsel occurred over 16 days, at locations across the

2    state of California (San Diego, Irvine, Woodland Hills, Sacramento, San Francisco) and in

3    Atlanta, Georgia.

4         Class Counsel's depositions of Defendants' five expert witnesses—in the areas of adult

5    and child/adolescent psychiatry and substance use disorder treatment, insurance industry standards

6    and regulations, and economics—occurred primarily in San Francisco, with one occurring in

7    Phoenix, Arizona.   Similar to the fact witness depositions, each expert deposition required

8    extensive preparation and specialized knowledge in order to test the relevance, accuracy, and

9    reliability of the proffered experts' opinions and the underlying methodologies they employed.  In

10   defending Plaintiffs' five experts—who were deposed in San Francisco, Chicago, Baltimore,

11   Raleigh, and Albany—a similar degree of preparation and development of specialized knowledge

12   was required in order for Class Counsel to make appropriate objections, ask the witnesses

13   appropriate follow-up questions, and otherwise defend each deposition.

14        The reaction of the Class has been favorable to Plaintiffs' motion for attorneys' fees,

15   expenses, and incentive awards.  All Class members received notice of Plaintiffs' intent to seek an

16   award of attorneys' fees representing one-third (33.3%) of the **net** settlement fund (after deduction

17   of costs and incentive awards), reimbursement of litigation expenses in an amount not to exceed

18   $850,000 and of settlement administration costs not to exceed $150,000, and payment of incentive

19   awards of $20,000 each to the three class representatives.  This request represents 28.4% of the

20   **gross** settlement fund, and only 27% of Class Counsel's lodestar.  The deadline to object to any of

21   these requests was June 5, 2018.  No Class member has objected to this motion or to the amounts

22   requested.  One Class member appeared at the June 28, 2018 Fairness Hearing, but that Class

23   member made no objection to this motion or the amounts requested.  Accordingly, the reaction of

24   the Class supports granting Plaintiffs' motion.

25        Class Counsel took a substantial risk in pursuing this litigation.  Defendants admitted no

26   misconduct.  No regulator proved Plaintiffs' case in advance or in their stead.  Virtually every

27

28   Case No. 16-CV-02848-LHK
     ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE
     AWARDS

7

important fact alleged in the complaint requires specialized knowledge to detect and prove. There are few comparable class actions under ERISA. All of these facts demonstrate that Class Counsel could have no independent assurance that the claims they were pressing would be resolved in their clients' favor. Class Counsel proceeded only on the basis of their own, and their clients', confidence in the justness of their cause. Class Counsel prosecuted the litigation on a fully contingent basis, despite the risk that they could recover nothing if Plaintiffs' claims were dismissed prior to trial, if they lost at trial, or if a favorable trial verdict was overturned on appeal.

## IV. CLASS COUNSEL'S HOURLY RATES AND LODESTAR CROSS-CHECK DEMONSTRATE THAT THEIR FEE REQUESTS ARE REASONABLE

A cross-check of Class Counsel's lodestar further supports a finding that Plaintiffs' fee request is reasonable. *See Barrera*, 2015 WL 2437897, at *1. Class Counsel expended more than 14,325 hours, resulting in over $7,400,000 in attorney time, litigating this case. Given the complex nature of the claims asserted and of the factual issues presented, and Defendants' substantial challenges to class certification and Plaintiffs' discovery requests, as well as Defendants' motion for summary judgment and opposition to Plaintiffs' *Daubert* motion, this expenditure of time was reasonable. Class Counsel's rates, set forth in their declarations (ECF Nos. 242, 243, 244), are reasonable in light of their extensive experience in class actions, complex commercial litigation, and ERISA litigation, as well as in the subject areas of psychiatric and substance use disorder treatment. Moreover, hourly billing clients of Zuckerman Psych-Appeal, and G&E routinely pay these rates, and federal courts in this district and circuit have approved fees based on comparable rates. *See, e.g., Weil v. Cigna Health & Life Ins. Co.*, No. 15-CV-07074-MWF-JPR (C.D. Cal.) (ECF Nos. 78 & 86); *Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*, No. CV-13-08440 (C.D. Cal.) (ECF Nos. 137 & 145); and *In re: Nat. Colleg. Athletic Assoc. Athletic Grant-In-Aid Antitrust Litig.*, No. 4:14-md-2541-CS (N.D. Cal.) (ECF Nos. 690 & 745).

Plaintiffs' attorneys' fee request is significantly less than the lodestar amount. The percentage award sought by Plaintiffs, as converted using the lodestar method, would result in

8

United States District Court
Northern District of California

Class Counsel receiving only 27% of their lodestar.  Class Counsel's average billed hourly rate in this case is $522.97.  Based on the amount of the attorneys' fees requested, the average hourly rate for counsel is only $138.58.  These facts further support that the fee request is reasonable.  *See, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR, ECF No. 2322 (N.D. Cal. May 16, 2018) (finding attorneys' fee request representing negative 0.58 lodestar multiplier "justif[ies] an upward adjustment of the Ninth Circuit's usual 25% benchmark").

## V.   THE COURT APPROVES THE REQUEST FOR REIMBURSEMENT OF COSTS

"Attorneys may recover [from the settlement fund] their reasonable expenses that would typically be billed to paying clients in non-contingency matters."  *Williams v. Brinderson Constructors, Inc.*, CV-15-02474 MWF, 2017 WL 490901, at *4 (C.D. Cal. Feb. 6, 2017) (*citing Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)).  Because attorneys routinely bill clients for expenses such as travel, meals, and lodging incidental to the attorney's representation of the client, as well as filing fees, mediation fees, and office services, the Court may allow recovery of these costs from the settlement fund.  *Id.* (acknowledging expenses for travel, mediation, court filings, and attorney service fees as "routine[]" and thus recoverable from settlement fund).

Here, Class Counsel have described their litigation-related expenses in declarations filed on May 15, 2018 and July 3, 2018 (ECF Nos. 242, 243, 244, 268-270).  The bulk of the expenses sought to be reimbursed ($453,914.50) were incurred in connection with the Plaintiffs' expert witnesses, which were necessary given the significant specialized knowledge required to develop the factual record in this case.  Moreover, Class Counsel's travel expenses ($139,029.31) incurred in connection with 30 depositions taken at numerous locations across the country and several meetings and mediation sessions in California were reasonable given their importance to the litigation.  The Court finds that the costs and expenses for which reimbursement is sought are fair and reasonable in light of the complexity, scope, and duration of the litigation.

## VI.  THE COURT APPROVES THE CLASS REPRESENTATIVE INCENTIVE AWARD

Case No. 16-CV-02848-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS

United States District Court
Northern District of California

1     The Court approves the Class Representative Incentive Award of $20,000 each to Plaintiffs

2    Charles Des Roches, Sylvia Meyer, and Gayle Greco, for a total of $60,000.  Named plaintiffs are

3    eligible for reasonable incentive payments as part of a class action settlement.  In evaluating the

4    reasonableness of such an award, the Court may consider factors such as the actions taken by the

5    class representatives to protect the Class's interests, the degree to which the Class benefited from

6    those actions, the class representatives' expenditure of time and effort, and the reasonable

7    concerns about potential adverse consequences from serving as the class representatives. *Staton v.*

8    *Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).

9    Here, incentive awards are appropriate given the emotional and time demands pursuing

10    this action have placed on each named Plaintiff.  ECF No. 240 at ¶¶ 27-30.  Despite the emotional

11    burden and the potential stigma each Plaintiff faced by revealing their respective family struggles

12    with mental health and substance use disorders, Plaintiffs filed a public complaint to challenge

13    Defendants' allegedly overly restrictive medical necessity guidelines. *Id.*  Their willingness to do

14    so led directly to the relief the Class has obtained under the Settlement. *Id.*  Plaintiffs also made

15    substantial time contributions, including collecting and producing documents, reviewing and

16    approving the Complaint and their respective discovery responses, providing deposition

17    testimony, participating in settlement discussions, and providing oversight of Class Counsel's

18    work. *Id.*  Moreover, the incentive awards sought by Plaintiffs are well within the range of awards

19    granted by this and other federal courts. *See, e.g., Van Vranken v. Atl. Richfield Co.*, 901 F. Supp.

20    294, 300 (N.D. Cal. 1995) ("After evaluating the time [named plaintiff] committed to this case, the

21    Court finds that an incentive award of $50,000 is just and reasonable under the circumstances.");

22    *McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448,479–80 (D.N.J. 2008) (awarding $60,000

23    incentive award to each named plaintiff, and stating "in healthcare cases like this, it is also

24    important to acknowledge that Representative Plaintiffs sacrificed personal and medical privacy

25    for the good of the class").

26    **VII.   CONCLUSION**

27

28    Case No. 16-CV-02848-LHK
    ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE
    AWARDS

For the reasons stated above, Plaintiffs' Motion for Approval of Attorneys' Fees and Expenses and Incentive Awards is GRANTED.  Accordingly, IT IS HEREBY ORDERED that:

1. The Court approves payment of attorneys' fees in the amount of $1,987,764.83 to Class Counsel;

2. The Court approves payment of expenses in the amount of $826,705.52 to Class Counsel;

3. The Court approves payment of expenses incurred and to be incurred up to the amount of $150,000 to the Settlement Administrator;

4. The Court approves payment of Class Representative Incentive Awards in the amount of $20,000 each to Charles Des Roches, Sylvia Meyer, and Gayle Tamler Greco; and

All payments herein awarded shall be paid from the Settlement Amount in accordance with the Stipulation of Settlement

**IT IS SO ORDERED.**

Dated: July 5, 2018

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No. 16-CV-02848-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS